


**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**INDICTMENT FOR CONSPIRACY TO COMMIT WIRE FRAUD, WIRE FRAUD, ATTEMPTED ACCESS DEVICE FRAUD, CHECK FRAUD, MAKING A FALSE STATEMENT TO A FINANCIAL INSTITUTION, AND FORFEITURE ALLEGATIONS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 17- 16-SDD-EWD |
| | : | |
| | : | 18 U.S.C. § 1349 |
| | : | 18 U.S.C. § 1343 |
| *versus* | : | 18 U.S.C. § 1029(a)(2) |
| | : | 18 U.S.C. § 1029(b)(1) |
| | : | 18 U.S.C. § 513(a) |
| | : | 18 U.S.C. § 1014 |
| | : | 18 U.S.C. § 981(a)(1)(C) |
| | : | 18 U.S.C. § 982(a)(2)(A) |
| TAMMY COLE FURLOW, | : | 18 U.S.C. § 982(a)(2)(B) |
| JESSICA BECKWITH, AND | : | 18 U.S.C. § 1029(c)(1)(C) |
| CHRISTOPHER BECKWITH | : | 28 U.S.C. § 2461(c) |

**THE GRAND JURY CHARGES:**

**AT ALL TIMES RELEVANT TO THIS INDICTMENT:**

**Persons and Entities**

1. Between in or about April 2010 and August 2015, **TAMMY COLE FURLOW**, defendant herein, was the general manager of a Holiday Inn Express & Suites, located in Baton, Rouge, Louisiana (the "Holiday Inn"). As general manager, she was responsible for hiring employees, reserving rooms, entering service contracts, collecting payment from guests, and reporting the amount of time worked by each employee for payroll purposes.

2. Siegen Hospitality Enterprises, LLC ("Hospitality"), a privately-owned business located in Baton Rouge, Louisiana, owned and operated the Holiday Inn. Hospitality employed **FURLOW** as the general manager of the Holiday Inn, paid her a salary and benefits, and

rewarded her with performance bonuses if the hotel achieved a certain occupancy rate. Hospitality also employed a certified public accountant (the "Accountant").

3. The Holiday Inn was a franchisee-hotel of the InterContinental Hotels Group, PLC ("IHG"). IHG was a British public limited company headquartered in Buckinghamshire, United Kingdom. IHG franchised hotel brands, including the Holiday Inn brand, to hotel owners and operators.

4. Hulcher Services, Inc. ("Hulcher") was Delaware corporation headquartered in Denton, Texas, which provided services to railroads, industry, and government.

5. Between in or about September 2015 and November 2015, after leaving employment with the Holiday Inn, **FURLOW** was employed as a temporary employee by RJ's Transportation, a privately-owned business located in Port Allen, Louisiana ("RJT"). RJT provided chemical trucking services to numerous plants along the Mississippi River. At RJT, **FURLOW** was responsible for the administration of RJT's payroll.

6. **JESSICA BECKWITH ("JESSICA")**, defendant herein, was **FURLOW'S** daughter and was married to **CHRISTOPHER BECKWITH ("CHRISTOPHER")**, defendant herein.

**<u>The Hospitality Payroll Scheme</u>**

7. Beginning on an exact date unknown, but at least in or about December 2013, and continuing through in or around July 2015, **FURLOW**, **JESSICA**, and **CHRISTOPHER**, engaged in a scheme to defraud Hospitality by collecting wages for non-existent employees (the "Hospitality Payroll Scheme"). The Hospitality Payroll Scheme was executed in the following manner.

8. **FURLOW** used her position as general manager of the Holiday Inn to submit fraudulent employment paperwork for non-existent hotel employees to the Accountant. This fraudulent

paperwork included false names, false social security numbers, or the appropriated personal information of former employees.

9. The fraudulent employment paperwork directed that the payroll for these non-existent employees be sent to bank accounts that were owned and controlled by **FURLOW, JESSICA,** or **CHRISTOPHER**.

10. **FURLOW** submitted fraudulent timesheets for the non-existent employees to the Accountant, which purportedly showed that the non-existent employees had worked a certain number of hours at the hotel and earned corresponding wages. These fraudulent timesheets caused the Accountant to initiate wires to pay wages for work that was not actually performed, to employees who did not actually exist, from Hospitality's bank account to bank accounts controlled by **FURLOW**, **JESSICA**, or **CHRISTOPHER**.

11. Pursuant to the scheme, **FURLOW**, **JESSICA**, and **CHRISTOPHER** fraudulently obtained thousands of dollars to which they were not entitled.

12. As a result of the Hospitality Payroll Scheme, Hospitality paid payroll and other taxes for non-existent employees.

**The Room Reservation Scheme**

13. Beginning in or around December 2013, and continuing through in or around July 2015, **FURLOW** engaged in another scheme to defraud Hospitality by obtaining money and property through room reservations for a non-existent guest (the "Room Reservation Scheme"). The Room Reservation Scheme was executed in the following manner.

14. As a franchisee-hotel, the Holiday Inn participated in IHG's customer loyalty program, called the "IHG Rewards Club." Hotel guests who participated in the IHG Rewards Club received points each time they stayed at an IHG hotel, including the Holiday Inn managed by

**FURLOW**. Guests redeemed these points for hotel stays at other IHG hotels, gift cards, or merchandise. Pursuant to its franchise agreement with IHG, Hospitality paid IHG for the Rewards Club points earned by guests who stayed at the Holiday Inn.

15. On or about June 30, 2014, **FURLOW** created an IHG Rewards Club account in the fictional name of R.E.

16. **FURLOW** used her position as General Manager to fraudulently reserve hotel rooms at the Holiday Inn for this non-existent guest, R.E. No one paid for these rooms, and the rooms remained empty each night.

17. Over the course of the scheme, **FURLOW** fraudulently reserved thousands of rooms and assigned millions of IHG Rewards Club points associated with these reservations to R.E.'s IHG Rewards Club account that **FURLOW** controlled. Hospitality paid IHG for the points **FURLOW** had fraudulently obtained.

18. **FURLOW** redeemed the points in R.E.'s Rewards Club account for thousands of dollars in gift cards, merchandise, and hotel stays in places like New Orleans, Louisiana, and Fort Walton Beach, Florida.

19. Hospitality paid **FURLOW** performance bonuses based on the Holiday Inn's occupancy rate. **FURLOW** fraudulently increased the Holiday Inn's occupancy rate by making fake room reservations and caused Hospitality to pay **FURLOW** performance bonuses that she had not in fact earned. The bonus payments were paid through the same process as the payroll.

20. In order to conceal this room reservation fraud, **FURLOW** also took the following actions:

a. **FURLOW** falsely represented to Hospitality that the rooms had been reserved by an employee of Hulcher. At least one employee of Hulcher had stayed at the Holiday Inn in

2013 and paid for his room with a company credit card that remained on file at the Holiday Inn. **FURLOW** had access to this credit card information through her position as general manager.

b. **FURLOW** produced to Hospitality a forged contract and forged credit card authorizations, purportedly signed by an employee of Hulcher.

c. **FURLOW** attempted to charge over $100,000 to the credit card she had on file for Hulcher Services, in order to pay down the balance due on the fake room reservations. Hulcher Services denied the charges.

d. **FURLOW** subsequently presented two counterfeit checks to Hospitality, each in excess of $150,000 and purporting to be payment from Hulcher for the fake room reservations. Hospitality deposited these checks, which were not honored and returned by the bank as counterfeit.

21. As a result of the **FURLOW's** Room Reservation Scheme, during certain time periods, Hospitality believed that the Holiday Inn had more rooms rented out than actually were and that the Holiday Inn was generating more revenue than it actually was. Hospitality also made state and local tax payments based on the fake room reservations.

**The RJT Payroll Scheme**

22. Between on or about September 4, 2015 and on or about November 6, 2015, **FURLOW** engaged in a scheme to defraud RJT by obtaining payroll for non-existent employees (the "RJT Payroll Scheme"). The RJT Payroll Scheme was executed in the following manner.

23. As a part of her job duties at RJT, **FURLOW** logged onto the RJT bank account at People's Bank and initiated wire transfers to deposit payroll directly into the bank accounts of employees.

24. **FURLOW** initiated numerous wire transfers for fraudulent payroll for non-existent employees of RJT to be paid directly into bank accounts that she controlled.

**False Statements to Pelican State Credit Union**

25. On or about July 21, 2014, **JESSICA** and **CHRISTOPHER** applied for an equipment loan from Pelican State Credit Union. On the loan application, **JESSICA** and **CHRISTOPHER** both falsely claimed to be employed by Hospitality, earning $4,000 and $7,500 per month, respectively.

**COUNT ONE**
**CONSPIRACY TO COMMIT WIRE FRAUD**
**18 U.S.C. § 1349**

**(Hospitality Payroll Scheme)**

26. The allegations of paragraphs 1, 2, and 6 through 12 are repeated and re-alleged here as though fully set forth herein.

27. Beginning on an exact date unknown, but at least in or around December 2013, and continuing through in or around July 2015, in the Middle District of Louisiana, **TAMMY COLE FURLOW**, **CHRISTOPHER BECKWITH ("CHRISTOPHER")**, and **JESSICA BECKWITH ("JESSICA")**, defendants herein, conspired and agreed with one another, to commit wire fraud, that is, to use interstate wire transmissions for the purpose of executing the Hospitality Payroll Scheme, in violation of Title 18, United States Code, Section 1343.

28. The object of the conspiracy was for **FURLOW**, **JESSICA**, and **CHRISTOPHER** to fraudulently divert Hospitality funds for personal enrichment.

**Overt Acts**

29. In furtherance of the conspiracy, and to accomplish its object and purpose, the defendants committed numerous acts within the Middle District of Louisiana, including, for instance:

a. On or about December 3, 2013, **JESSICA** and **CHRISTOPHER** opened a joint bank account at Capital One, account #9708. On the new account information card, **CHRISTOPHER** falsely claimed to work for Holiday Inn.

b. On or about January 3, 2014, **FURLOW** caused Hospitality to pay fraudulent payroll into this Capital One bank account #9708 for work allegedly performed by non-existent employees C.B. and J.B.

c. On or about February 19, 2014, **JESSICA** and **CHRISTOPHER** opened a business bank account at JP Morgan Chase, account #8790, for the business "Beckwith Lawn Service."

d. On or about July 3, 2014, **FURLOW** caused Hospitality to pay fraudulent payroll into this JP Morgan Chase bank account #8790 for work allegedly performed by non-existent employee R.E.

e. On or about July 22, 2014, **JESSICA** and **CHRISTOPHER** opened a joint bank account at Pelican State Credit Union, account #6179. On the application for membership, **JESSICA** and **CHRISTOPHER** both falsely claimed to work for Hospitality.

f. On or about September 10, 2014, **FURLOW** caused Hospitality to pay fraudulent payroll into the Pelican Credit Union bank account #6179 for work allegedly performed by non-existent employee J. Brooks.

All in violation of Title 18, United States Code, Section 1349.

**COUNTS TWO THROUGH FIVE**
**WIRE FRAUD**
**18 U.S.C. § 1343**

**(The Hospitality Payroll Scheme)**

30. The allegations of paragraphs 1, 2, and 6 through 12 are repeated and re-alleged here as though fully set forth herein.

31. On or about the following dates, in the Middle District of Louisiana, **TAMMY COLE FURLOW**, defendant herein, having devised and intended to devise a scheme to defraud Hospitality and to obtain money from Hospitality by means of materially false and fraudulent pretenses, representations, and promises, for the purpose of executing the scheme, and attempting to do so, knowingly caused to be transmitted in interstate commerce, a wire communication, certain signs, signals and sounds, that is, **FURLOW** caused the Accountant to access the internet through a computer in Baton Rouge, Louisiana and direct an Intuit payment processor located in Quincy, Washington, to transfer funds in the below amounts from Hospitality's bank account to bank accounts owned and controlled by **FURLOW** or her family members as payroll for the below non-existent employees, each such wire transmission constituting a separate count:

| COUNT | DATE | AMOUNT | NON-EXISTENT EMPLOYEES |
|---|---|---|---|
| 2 | 1/15/2014 | Approximately $2,952.28 | C.B., J.B., J.R., and R.F. |
| 3 | 9/10/2014 | Approximately $5,013.96 | C. Wells, J.R., C.B., J.B., J. Brooks, R.E., R.F., and T.R. |
| 4 | 2/24/2015 | Approximately $5,662.36 | C.A., C. Wells, J.R., J.C., C.B., J.B., R.E., R.F., and T.R. |
| 5 | 3/25/2015 | Approximately $4,066.90 | C.A., J.R., J.C., C.B., J.B., J. Brooks, and R.E. |

Each of the above is a violation of Title 18, United States Code, Section 1343.

**COUNTS SIX THROUGH EIGHT**
**WIRE FRAUD**
**18 U.S.C. § 1343**

**(Room Reservation Scheme - Reward Points)**

32. The allegations of paragraphs 1 through 4, and 13 through 21, are repeated and re-alleged here as though fully set forth herein.

33. On or about the following dates, in the Middle District of Louisiana and elsewhere, **TAMMY COLE FURLOW**, defendant herein, having devised and intended to devise a scheme to defraud Hospitality and to obtain money from Hospitality by means of materially false and fraudulent pretenses, representations, and promises, for the purpose of executing the scheme, and attempting to do so, knowingly caused to be transmitted in interstate commerce, a wire communication, certain signs, signals and sounds, that is, **FURLOW** accessed the internet through a computer in Baton Rouge, Louisiana, and directed IHG computer servers located in Alpharetta, Georgia, to record the following awards of IHG Rewards Club points to R.E. in the below amounts, each such wire transmission constituting a separate count:

| COUNT | DATE | AMOUNT OF IHG REWARDS CLUB POINTS |
|---|---|---|
| 6 | 9/1/2014 | Over 30,000 points |
| 7 | 11/28/2014 | Over 10,000 points |
| 8 | 5/29/2015 | Over 30,000 points |

Each of the above is a violation of Title 18, United States Code, Section 1343.

**COUNTS NINE AND TEN**
**WIRE FRAUD**
**18 U.S.C. § 1343**

**(Room Reservation Scheme - Performance Bonuses)**

34. The allegations of paragraphs 1 through 4, and 13 through 21, are repeated and re-alleged here as though fully set forth herein.

35. On or about the following dates, in the Middle District of Louisiana, **TAMMY COLE FURLOW**, defendant herein, having devised a scheme to defraud Hospitality and to obtain money from Hospitality by means of materially false and fraudulent pretenses, representations, and promises, for the purpose of executing the scheme, and attempting to do so, knowingly caused to be transmitted in interstate commerce, a wire communication, certain signs, signals and sounds, that is, **FURLOW** caused the Accountant to access the internet through a computer in Baton Rouge, Louisiana, and direct an Intuit payment processor located in Quincy, Washington, to transfer funds in the amounts below from Hospitality's bank account to a bank account owned and controlled by **FURLOW**, as a performance bonus for **FURLOW**, each such transmission constituting a separate count:

| COUNT | DATE | AMOUNT |
|---|---|---|
| 9 | 2/24/2015 | Approximately $5,209.55 |
| 10 | 3/25/2015 | Approximately $5,118.50 |

Each of the above is a violation of Title 18, United States Code, Section 1343.

**COUNT ELEVEN**
**ATTEMPTED ACCESS DEVICE FRAUD**
**18 U.S.C. § 1029(a)(2) and (b)(1)**

**(Room Reservation Scheme)**

36. The allegations of paragraphs 1 through 4, and 13 through 21, are repeated and re-alleged here as though fully set forth herein.

37. From in or about January 2015 until February 2015, in the Middle District of Louisiana, **TAMMY COLE FURLOW**, the defendant herein, knowingly and with intent to defraud, used one or more unauthorized access devices, including the Mastercard account number of T.W. (#XXXXXX2768) and by such conduct, did attempt to obtain more than $1,000, with such conduct affecting interstate commerce.

The above is a violation of Title 18, United States Code, Sections 1029(a)(2) and (b)(1).

**COUNTS TWELVE AND THIRTEEN**
**CHECK FRAUD**
**18 U.S.C. § 513(a)**

**(Room Reservation Scheme)**

38. The allegations of paragraphs 1 through 4, and 13 through 21, are repeated and re-alleged here as though fully set forth herein.

39. On or about January 10, 2015, in the Middle District of Louisiana, **TAMMY COLE FURLOW,** the defendant herein, did knowingly utter and possess counterfeited securities of an organization affecting interstate commerce, that is, the checks described below drawn on The Piedmont Bank account of Hulcher Services, the activities of which affected interstate commerce, with the intent to deceive another person and organization, namely, Hospitality, which owned and operated the Holiday Inn, each such check constituting a separate count:

| Count | Date | Amount | Payee |
|---|---|---|---|
| 12 | 1/10/2015 | $174,897.52 | Holiday Inn Express & Suites |
| 13 | 1/25/2015 | $172,692.74 | Holiday Inn Express & Suites |

Each of the above is a violation of Title 18, United States Code, Section 513(a).

**COUNTS FOURTEEN THROUGH SIXTEEN**
**WIRE FRAUD**
**18 U.S.C. § 1343**

**(RJT Payroll Scheme)**

40. The allegations of paragraphs 5 and 22 through 24 are repeated and re-alleged here as though fully set forth herein.

41. On or about the following dates, in the Middle District of Louisiana, **TAMMY COLE FURLOW,** defendant herein, having devised a scheme to defraud RJT and to obtain money from RJT by means of materially false and fraudulent pretenses, representations, and promises, for the purpose of executing the scheme, and attempting to do so, knowingly caused to be transmitted in interstate commerce, a wire communication, certain signs, signals and sounds, that is, **FURLOW** accessed the internet in Port Allen, Louisiana, to connect to RJT's People's Bank and Trust bank account hosted on a server located in Austin, Texas, in order to transfer funds in the below amounts from RJT's account to bank accounts owned and controlled by **FURLOW** as payroll to the below non-existent employees, each such wire transmission constituting a separate count:

| COUNT | DATE | AMOUNT | EMPLOYEE |
|---|---|---|---|
| 14 | 9/30/2015 | Approximately $2,735.54 | RJS Transport |
| 15 | 10/8/2015 | Approximately $6,708.29 | J. |
| 16 | 10/15/2015 | Approximately $6,513.11 | J. |

Each of the above is a violation of Title 18, United States Code, Section 1343.

**COUNT SEVENTEEN**
**MAKING A FALSE STATEMENT TO A FINANCIAL INSTITUTION**
**18 U.S.C. § 1014**

**(False Statements to Pelican State Credit Union)**

42. The allegations of paragraphs 6 and 25 are repeated and re-alleged here as though fully set forth herein.

43. On or about July 21, 2014, in the Middle District of Louisiana, **CHRISTOPHER BECKWITH ("CHRISTOPHER")** and **JESSICA BECKWITH ("JESSICA")**, defendants herein, knowingly made a false statement for the purpose of influencing the action of Pelican State Credit Union ("Pelican"), a federally insured financial institution, in connection with a loan application, in that **JESSICA** and **CHRISTOPHER** submitted to Pelican a loan application which falsely claimed that **CHRISTOPHER** was employed by Hospitality earning $7,500.00 per month and that **JESSICA** was employed by Hospitality earning $4,000.00 per month, when in truth and in fact, as they both well knew, neither worked at Hospitality, **CHRISTOPHER** did not earn $7,500.00 per month from Hospitality, and **JESSICA** did not earn $4,500.00 per month from Hospitality.

The above is a violation of Title 18, United States Code, Section 1014.

## FORFEITURE ALLEGATIONS

44. Upon conviction of Count 1 contained in this Indictment, the defendants, **JESSICA BECKWITH** and **CHRISTOPHER BECKWITH**, and upon conviction of Counts 1 through 10 and Counts 12 through 16 contained in this Indictment, the defendant, **TAMMY COLE FURLOW**, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the said violations, including, but not limited to a sum of money equal to the amount of proceeds of the offenses.

45. Upon conviction of Count 11 contained in this Indictment, the defendant, **TAMMY COLE FURLOW**, shall forfeit to the United States of America pursuant to Title 18, United States Code, Section 982(a)(2)(B), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation; and pursuant to Title 18, United States Code, Section 1029(c)(1)(C), any personal property used or intended to be used to commit the offense. The property to be forfeited includes, but is not limited to a sum of money equal to the amount of proceeds of the offense.

46. Upon conviction of Count 17 contained in this Indictment, defendants **JESSICA BECKWITH** and **CHRISTOPHER BECKWITH** shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the said violation, including, but not limited to a sum of money equal to the amount of proceeds of the offense.

47. If any of the property described above, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) as incorporated by Title 18, United States Code, Section 982(b) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

UNITED STATES OF AMERICA, BY

J. WALTER GREEN
UNITED STATES ATTORNEY
MIDDLE DISTRICT OF LOUISIANA

ELIZABETH E. WHITE
ASSISTANT UNITED STATES ATTORNEY

**A TRUE BILL**

**REDACTED PER PRIVACY ACT**

GRAND JURY FOREPERSON

2/16/17
DATE

**Criminal Cover Sheet** **U.S. District Court**

**Place of Offense:**

**Matter to be sealed:** ☒ No ☐ Yes

City **Baton Rouge**

County/Parish **East Baton Rouge**

*Investigating Agency **USSS**

*Agent **Kevin Bodden**

**Related Case Information:**

Superseding Indictment _______ Docket Number ___________
Same Defendant _____________ New Defendant ___________
Magistrate Case Number ______________________
Search Warrant Case No. ______________________
R 20/ R 40 from District of ______________________
**Any Other Related Cases:** ______________________

**Defendant Information:**

Defendant Name: **Tammy Cole Furlow**
Alias:
Address:
Birthdate: SS #: Sex: Race: Nationality:

**U.S. Attorney Information:**

AUSA **Elizabeth E. White** Bar # **363295**

**Interpreter:** ☒No ☐Yes **List language and/or dialect:** ___________

**Location Status:**

Arrest Date ______________________

________ Already in Federal Custody as of
________ Already in State Custody
________ On Pretrial Release

**U.S.C. Citations:**

Total # of Counts: **16**

| Index Key/Code | Description of Offense Charged | Count(s) | Petty/ Misdemeanor/ Felony |
|---|---|---|---|
| 18:1349 | Conspiracy to Commit Wire Fraud | 1 | F |
| 18:1343 | Wire Fraud | 2 - 5 | F |
| 18:1343 | Wire Fraud | 6 - 8 | F |
| 18:1343 | Wire Fraud | 9, 10 | F |

(May be continued on second sheet)

**Date:** 2/16/17 **Signature of AUSA:** [signature]

**District Court Case Number (To be filled in by deputy clerk):** ______________________

| Index Key/Code | Description of Offense Charged | Count(s) | Petty/ Misdemeanor/ Felony |
|---|---|---|---|
| 18:1029(a)(2) & (b)(1) | Attempted Access Device Fraud | 11 | F |
| 18:513(a) | Check Fraud | 12, 13 | F |
| 18:1343 | Wire Fraud | 14 - 16 | F |

**Criminal Cover Sheet** **U.S. District Court**

**Place of Offense:**

**Matter to be sealed:** ☒ No ☐ Yes

City **Baton Rouge**

County/Parish **East Baton Rouge**

*Investigating Agency **USSS**
*Agent **Kevin Bodden**

**Related Case Information:**

Superseding Indictment _______ Docket Number ___________
Same Defendant _____________ New Defendant ___________
Magistrate Case Number ______________________
Search Warrant Case No. ______________________
R 20/ R 40 from District of ______________________
**Any Other Related Cases:** ______________________

**Defendant Information:**

Defendant Name: **Jessica Beckwith**
Alias:
Address:
Birthdate: SS #: Sex: Race: Nationality:

**U.S. Attorney Information:**

AUSA **Elizabeth E. White** Bar # **363295**

**Interpreter:** ☒No ☐Yes **List language and/or dialect:** ___________

**Location Status:**

Arrest Date ______________________

________ Already in Federal Custody as of
________ Already in State Custody
________ On Pretrial Release

**U.S.C. Citations:**

Total # of Counts: **2**

| Index Key/Code | Description of Offense Charged | Count(s) | Petty/ Misdemeanor/ Felony |
|---|---|---|---|
| 18:1349 | Conspiracy to Commit Wire Fraud | 1 | F |
| 18:1014 | Making a False Statement to a Financial Institution | 17 | F |
| | | | |
| | | | |

(May be continued on second sheet)

**Date:** 2/16/17 **Signature of AUSA:** [signature]

**District Court Case Number (To be filled in by deputy clerk):** ______________________

**Criminal Cover Sheet** **U.S. District Court**

**Place of Offense:**

**Matter to be sealed:** ☒ No ☐ Yes

City **Baton Rouge**

County/Parish **East Baton Rouge**

*Investigating Agency **USSS**

*Agent **Kevin Bodden**

**Related Case Information:**

Superseding Indictment _______ Docket Number ___________
Same Defendant _____________ New Defendant ___________
Magistrate Case Number ______________________________
Search Warrant Case No. ______________________________
R 20/ R 40 from District of ____________________________
**Any Other Related Cases:** ___________________________

**Defendant Information:**

Defendant Name: **Christopher Beckwith**
Alias:
Address:
Birthdate: SS #: Sex: Race: Nationality:

**U.S. Attorney Information:**

AUSA **Elizabeth E. White** Bar # **363295**

**Interpreter:** ☒No ☐Yes **List language and/or dialect:** ___________

**Location Status:**

Arrest Date ______________________________
________ Already in Federal Custody as of
________ Already in State Custody
________ On Pretrial Release

**U.S.C. Citations:**

Total # of Counts: 2

| Index Key/Code | Description of Offense Charged | Count(s) | Petty/ Misdemeanor/ Felony |
|---|---|---|---|
| 18:1349 | Conspiracy to Commit Wire Fraud | 1 | F |
| 18:1014 | Making a False Statement to a Financial Institution | 17 | F |
| | | | |
| | | | |

(May be continued on second sheet)

**Date:** 2/16/17 **Signature of AUSA:** [signature]

**District Court Case Number (To be filled in by deputy clerk):** ______________________________